UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WELLS FARGO CLEARING SERVICES, LLC                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:24-CV-373-KHJ-MTP

HOWARD GRAHAM                                                          RESPONDENT

ORDER

Before the Court is Petitioner Wells Fargo Clearing Services, LLC's (Wells Fargo) [1] Petition to Confirm Arbitration Award. The Court grants the petition; confirms the $733,930.90 arbitral award; awards $30,737.43 in post-award, prejudgment interest; and awards post-judgment interest under 28 U.S.C. § 1961.

I.     Background

Wells Fargo seeks to confirm a $733,930.90 arbitral award. [1] at 1.

That award stems from a dispute over the parties' April 2015 promissory note. *See* Statement of Claim [1-1] at 2–5.[1] Under the note, Graham agreed to repay Wells Fargo more than a million dollars (plus interest) in monthly installments. *Id.* at 2. But under the note's default provisions, if Graham's employment with Wells Fargo ended for "any reason or no reason," Wells Fargo could "declare the entire unpaid principal balance . . . immediately due and payable." *Id.* In that event, the note's interest rate would increase to 5.44%. *See id.*

---

[1] Graham promised to repay "Wells Fargo Advisors, LLC . . . , its affiliates, successors[,] and assigns . . . ." [1-1] at 2. Wells Fargo Advisors, LLC, is now known as Wells Fargo Clearing Services, LLC. *Id.* at 25.

Graham's employment ended on July 19, 2023. [1] at 3; *see also* [1-1] at 25. That day, Wells Fargo declared the outstanding balance of $736,616.28 "immediately due." [1-1] at 25. But Graham failed to respond. *Id.* at 36. Wells Fargo then sent him two more demand letters—to no avail. *See id.* at 36, 43.

In line with the note's arbitration clause, *id.* at 3–4, Wells Fargo filed an arbitration claim. *See* Financial Industry Regulatory Authority (FINRA) Award [1-2] at 8. For his part, Graham "received notice of the claim, spoke with a FINRA representative regarding procedures to respond, but failed to do so." *Id.* at 9. After reviewing Wells Fargo's pleadings, the arbitrator decided in April 2024 that Graham is "liable for and shall pay . . . the sum of $733,630.90" (plus a $300 arbitration fee). *Id.* at 9–10. The award letter informed Graham that, under FINRA's rules, the "award shall bear interest from the date of the award . . . [i]f not paid within 30 days of receipt . . . ." [1-2] at 4; *see also* [1-1] at 3 (agreeing that FINRA's then-current rules would govern arbitration); FINRA Rule 13904(j) (effective Feb. 21, 2018), https://www.finra.org/rules-guidance/rulebooks/finra-rules/13904 [https://perma.cc/EPH8-4WL7]. But Graham failed to pay the award.

So Wells Fargo petitioned to confirm the award under 9 U.S.C. § 9. [1] at 1. The petition invoked the Court's diversity jurisdiction. *Id.* at 1–2. It cited the parties' note, which provided that "[j]udgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent

2

jurisdiction." *Id.* at 2 (quoting [1-1] at 4); *see also* FINRA Rule 13904(a), *supra*. And it requested pre- and post-judgment interest. [1] at 4.[2]

Wells Fargo served the petition on Graham via certified mail. Summons Returned Executed [6] at 2–3. But Graham failed to respond. The Court then ordered supplemental briefing on the applicable prejudgment interest rate. Order [8]. Again, Graham did not respond. The Court now takes up the petition.

II.   Analysis

The Court starts with jurisdiction, then takes up confirmation under 9 U.S.C. § 9, and finally turns to Wells Fargo's requests for pre- and post-judgment interest.

A. Jurisdiction

The Court has diversity jurisdiction. Indeed, "the face of the application itself . . . shows that the contending parties are citizens of different States (with over $75,000 in dispute)." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022); *see also* [1] at 1–2.

B. Confirmation

Confirmation is proper under 9 U.S.C. § 9. That statute provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be

---

[2] The petition also requested attorneys' fees and costs, [1] at 3, but Wells Fargo withdrew those requests. Resp. [9] at 2.

made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

The Court confirms the arbitral award. The parties agreed that any court of competent jurisdiction could enter judgment on the award. [1] at 2. Wells Fargo timely applied for a judgment in the district where the award was made. *Id.* at 2–3. It properly served Graham with the petition. *See* [6] at 2–3.[3] And the arbitral award "has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11." [1] at 3. Because all statutory criteria are satisfied, the Court "must grant" an order confirming the award. 9 U.S.C. § 9. The Court confirms the $733,930.90 arbitral award. [1-2] at 8–10.

C. Post-Award, Prejudgment Interest

The Court also awards post-award, prejudgment interest at a 5.44% rate.

Under the agreed-upon rules of arbitration, "[a]n award shall bear interest from the date of the award . . . [i]f not paid within 30 days of receipt . . . ." [1-2] at 4;

---

[3] Wells Fargo served Graham via certified mail. [6] at 2–3. That was proper under the statute: "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 9. The award was made in the district where Graham resides. *See* [1-2] at 8 (showing that hearing site was in Jackson); [6] at 2–3 (showing that Graham resides in Madison). And the Federal Rules of Civil Procedure permit serving a motion by mail. *See* Fed. R. Civ. P. 5(b)(2)(C).

4

*see also* [1-1] at 3; FINRA Rule 13904(j), *supra*.[4] That interest "shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered . . . ." [1-2] at 4; FINRA Rule 13904(j), *supra*.

The award was rendered in Mississippi. [1-2] at 8. And Mississippi law provides for prejudgment interest "at the same rate as the contract evidencing the debt on which the judgment or decree was rendered." Miss. Code Ann. § 75-17-7; *see also Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1117–19 (Miss. 2007) (en banc); *Arcadia Farms P'ship v. Audubon Ins. Co.*, 77 So. 3d 100, 105–07 (Miss. 2012) (en banc).

The parties contracted to a post-default interest rate of 5.44%. *See* [1-1] at 2. Holding the parties to their agreement, and in line with FINRA Rule 13904(j), the Court awards interest from the award date to today at a rate of 5.44%. *See* [1-2] at 2, 10 (award date of April 29, 2024); [1] at 1 (same). So the Court awards $30,737.43 in post-award, prejudgment interest.

D. Post-Judgment Interest

The Court awards post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961. Indeed, "[a] judgment confirming an arbitration award—like any other civil judgment—is subject to [Section] 1961." *Tricon Energy Ltd. v. Vinmar Int'l*, 718 F.3d 448, 457 (5th Cir. 2013). "Parties wishing to contract around the statutory rate must do so using clear, unambiguous, and unequivocal language." *Id.* at 458

---

[4] Other courts, too, have applied FINRA Rule 13904(j) in confirmation actions. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Neas*, No. 1:12-CV-193, 2013 WL 12184236, at *1 (W.D. Tex. Jan. 11, 2013); *Wachovia Sec., LLC v. Brand*, No. 4:08-CV-2349, 2010 WL 4366833, at *2 (D.S.C. Oct. 27, 2010).

5

(cleaned up). "When awarding a non-statutory rate, arbitrators must be just as clear and unequivocal." *Id.* at 459. And courts "have not found that parties and arbitration panels clearly, unambiguously, and unequivocally meant to refer to postjudgment interest except where they have expressly referred to postjudgment interest." *Id.*; *see also id.* at 459–60 (collecting cases).

The note, arbitral award, and applicable FINRA rule contain no express reference to post-judgment interest. *See* [1-1] at 2–5; [1-2] at 8–10; FINRA Rule 13904(j), *supra*. So the statutory rate applies. In this case, that rate is 4.15% per annum. *See* 28 U.S.C. § 1961(a); *H.15 Selected Interest Rates*, Bd. of Governors of Fed. Rsrv. Sys. (Feb. 3, 2025), https://www.federalreserve.gov/releases/h15/ [https://perma.cc/PM2K-Q4CY].

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Wells Fargo's [1] Petition to Confirm Arbitration Award and CONFIRMS the $733,930.90 arbitral award. The Court also awards $30,737.43 in post-award, prejudgment interest; and awards post-judgment interest at a rate of 4.15% per annum under 28 U.S.C. § 1961. The Court will enter a separate final judgment in accordance with 9 U.S.C. § 13.[5]

SO ORDERED, this 4th day of February, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[5] In line with that statute, Wells Fargo has filed a copy of the agreement and award. *See* 9 U.S.C. § 13(a)–(b); [1-1] at 2–5; [1-2].